Michael D. Thomas (SBN 226129)
JACKSON LEWIS PC
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel: (213) 689-0404
Fax: (213) 689-0430
Michael.Thomas@jacksonlewis.com

Ashley E. Kang (SBN 340113)
JACKSON LEWIS PC
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
Ashley.Kang@jacksonlewis.com

Attorneys for Defendant
SONESTA INTERNATIONAL HOTELS CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LOPEZ, and individual<br><br>Plaintiff,<br><br>vs.<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION a corporate, entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(b)**<br><br>*(Filed concurrently with Declarations of Michael D. Thomas and Kristin Craig; Notice of Interested Parties, Corporate Disclosure Statement, and Civil Case Cover Sheet)* |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF KEVIN LOPEZ, AND PLAINTIFF'S ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant SONESTA INTERNATIONAL HOTELS CORPORATION ("Sonesta" or "Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(b) to remove this action to this Court from the Superior Court of the State of California in and for the County of

Orange.  The following statement of grounds for removal is submitted pursuant to the provisions of 28 U.S.C. § 1446.  In support thereof, Sonesta asserts the following:

## DIVERSITY JURISDICTION

1.      This Court has original jurisdiction over this matter pursuant to §§ 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## TIMELINESS OF REMOVAL

2.      On April 11, 2022, Plaintiff Kevin Lopez ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Orange, entitled *Kevin Lopez vs. SONESTA INTERNATIONAL HOTELS CORPORATION*, Case No. 30-2022-01254142-CU-WT-CJC.  A true and correct copy of the Summons and Complaint, along with the Notice and Acknowledgment of Receipt, Civil Cover Sheet, Plaintiff's Statement of Punitive Damages, and Notice of Case Management Conference, is attached as **Exhibit A** to the Declaration of Michael D. Thomas ("Thomas Decl.") filed concurrently herewith.  [Thomas Decl., ¶ 2; Exh. A.]

3.      In the Complaint, Plaintiff alleges eight causes of action: (1) sexual orientation discrimination; (2) race/national origin orientation discrimination; (3) failure to prevent discrimination; (4) retaliation; (5) wrongful termination; (6) failure to pay all compensation at termination; (7) failure to pay overtime & wages; and (8) violation of Business & Professions Code § 17200 *et seq.* ("Complaint").  [Thomas Decl., ¶ 3; Exh. A.]

4.      On May 25, 2022, Plaintiff served on Defendant copies of the Notice and Acknowledgment of Receipt, Summons and Complaint, Civil Cover Sheet, Statement of Punitive Damages, and Notice of Hearing of Case Management Conference.  [Thomas Decl., ¶ 5; Exh. A.]  On June 14, 2022, counsel for Defendant served the signed Notice and Acknowledgment of Receipt on counsel for Plaintiff.  [Thomas Decl., ¶ 6; Exh. C.]

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

5.    On June 22, 2022, Defendant timely filed and served its Answer to the Complaint in the Superior Court of the State of California in and for the County of Orange.  A true and correct copy of Defendant's Answer is attached as **Exhibit D** to the Declaration of Michael D. Thomas.  [Thomas Decl., ¶ 7; Exh. D.]

6.    As of the date of this Notice of Removal, Exhibits A, B, C, and D constitute all of the pleadings that have been filed or served in this action.  [Thomas Decl., ¶ 8.]

7.    This removal is timely because it is filed within thirty (30) days after the receipt by Defendant of a copy of Plaintiff's Summons and Complaint on May 25, 2022 and Defendant's acceptance of service on June 14, 2022, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b).  The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means.  *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

### DIVERSITY OF CITIZENSHIP EXISTS

8.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

9.    Defendant is informed and believes that Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).   [Declaration of Kristin Craig ("Craig Decl."), ¶ 5; Exh. A.] Plaintiff resided in Orange County, California during his employment with Defendant. [Id. at ¶ 5.]  Furthermore, Plaintiff was employed in Orange County, California, and filed his Complaint in the State of California for the County of Orange seeking the protections of the laws of this state.  [Id. at ¶ 5.]

10.    Defendant was, at the time of filing of the Complaint, and still is, a citizen of the State of Maryland within the meaning of section 1332(c)(1), because it now is and was at all times incorporated under the laws of that state.  [Craig Decl., ¶ 4.]  Defendant

1  also was, at the time of filing of the Complaint, and still is, a citizen of the State of

2  Massachusetts within the meaning of section 1332(c)(1), because Defendant's principal

3  place of business was located there, and the majority of executive and administrative

4  functions are directed, controlled, and coordinated there. [Id at ¶ 4.]  Thus, Defendant is

5  a citizen of the State of Maryland and Massachusetts.  28 U.S.C. § 1332(c); *Johnson*, 437

6  F.3d at 899; *Hertz Corp.*, 559 U.S. at 77, 78 (holding that a corporation's "principal place of

7  business" under section 1332(c)(1) is typically its corporate headquarters so long as the

8  headquarters is the actual center of direction, control, and coordination rather than an office

9  to hold board meetings).

10  11.  The presence of Doe defendants has no bearing on the diversity with respect

11  to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the

12  citizenship of defendants used under a fictitious name shall be disregarded.").  Thus,

13  there are no other defendants to join in the removal of this action to this Court.

14  12.  Therefore, because Plaintiff is a citizen of California, and the sole named

15  Defendant is not a citizen of California, this action is brought between citizens of

16  different States under the definition of 28 U.S.C. § 1332.

17  **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18  13.  Without conceding that Plaintiff is entitled to damages or can recover

19  damages whatsoever, this action also meets the amount in controversy requirement.  28

20  U.S.C. § 1332(a) authorizes the removal of cases in which among other factors addressed

21  above, the amount in controversy exceeds the sum or value of $75,000, exclusive of

22  interests and costs.  In paragraph 1 of the Prayer for Relief in Plaintiff's Complaint,

23  Plaintiff prays for all actual, consequential, and incidental damages, including but not

24  limited to loss of earnings and employee benefits, according to proof, but no less than

25  three hundred thousand dollars ($300,000).  [Thomas Decl., ¶ 7; Exh. A. at p. 10.]

26  14.  The amount in controversy may include general and special compensatory

27  damages and attorney's fees which are recoverable by statute.  *Galt G/S v. JSS*

28  *Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156.  The Court may examine the

nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. See, *Galt G/S, supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1035. In paragraph 2 of the Prayer for Relief in Plaintiff's Complaint, Plaintiff further prays for judgment for attorneys' fees, according to proof and statute. [Id. at ¶ 8; Exh. A. at p. 10.]

15. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787; *see also Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332. Plaintiff's Complaint prays for punitive and exemplary damages, along with Plaintiff's Statement of Punitive Damages [CCP § 425.15] expressly stating that "Plaintiff Kevin Lopez reserves the right to seek **$100,000.00** in punitive damages against [Defendant] when he seeks a judgment in the … lawsuit filed against [Defendant]." [Id. at ¶ 9; Exh. A. at p. 25.] The potential punitive damages award against defendants such as Defendant alone surpasses the $75,000 jurisdictional threshold. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F.3d 383, 386-387.

16. Thus, as the Complaint and Statement of Punitive Damages unassailably prove, by their express terms, that Plaintiff is attempting to recover well over $75,000 from Defendant, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied and the instant removal is proper.

## VENUE

17.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

## NOTICE TO COURT AND PARTIES

18.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and the Clerk of the Superior Court for the State of California, County of Orange.   Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

19.     This Notice of Removal is signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## NON-ADMISSION

20.     Defendant does not concede in any way that the allegations in the Complaint are accurate, nor does Defendant concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, punitive damages, attorneys' fees, or any other relief.

///
///
///
//
///
///
///
///
///

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

1    **WHEREFORE**, Defendant removes the above-entitled action to this Court from
2    the Superior Court of the State of California, County of Orange.

3

4                                      Respectfully submitted,

5

6    DATED:  June 24, 2022              JACKSON LEWIS PC

7

8

9                          By:    *Michael D. Thomas*
10                                 _____
                                   Michael D. Thomas
                                   Ashley E. Kang

11                                 Attorneys for Defendant
12                                 SONESTA INTERNATIONAL HOTELS
                                   CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT