# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 262219 | FOR COURT USE ONLY |
|---|---|---|

NAME: **Jihad M. Smaili, Esq.**
FIRM NAME: Smaili & Associates
STREET ADDRESS: 600 West Santa Ana Blvd., Suite 202
CITY: Santa Ana     STATE: CA     ZIP CODE: 92701
TELEPHONE NO.: 714-547-4700     FAX NO. : 714-547-4710
E-MAIL ADDRESS: jihad@smaililaw.com
ATTORNEY FOR (Name): Plaintiff KEVIN LOPEZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

Plaintiff/Petitioner:  KEVIN LOPEZ
Defendant/Respondent:  SONESTA INTERNATIONAL HOTELS CORPORATION

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 30-2022-01254142-CU-WT-CJC |
|---|---|

TO *(insert name of party being served):*   SONESTA INTERNATIONAL HOTELS CORPORATION a corporate entity form unknown

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:   May 25, 2022

Jihad M. Smaili, Esq.
(TYPE OR PRINT NAME)

▶

/s/ Jihad M. Smaili
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify):* Civil Case Cover Sheet, Notice of Hearing , Statement of Punitive Damages

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>KEVIN LOPEZ, an individual; | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: **ORANGE**<br>*(El nombre y dirección de la corte es:)*  Central Justice Center<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2022-01254142-CU-WT-CJC<br><br>Judge Linda Marks |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

Jihad M. Smaili (SBN: 262219); Smaili & Associates, PC; 600 West Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE:<br>*(Fecha)* 04/11/2022 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jihad M. Smaili, Esq. SBN:262219
600 West Santa Ana Blvd Suite 202
Santa Ana , Ca 92701

TELEPHONE NO.: 714-547-4700     FAX NO. *(Optional):* 714-547-4710

ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
KEVIN LOPEZ v. SONESTA INTERNATIONAL HOTELS CORPORATION

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 4/11/2022

Jihad M. Smaili, Esq.
(TYPE OR PRINT NAME)

▶ /s/ Jihad M. Smaili
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

1  Jihad M. Smaili, Esq. [262219]
2  Stephen D. Counts, Esq. [231348]
   **SMAILI & ASSOCIATES, PC**
3  Civic Center Plaza Towers
   600 W. Santa Ana Blvd., Suite 202
4  Santa Ana, California 92701
   714-547-4700
5  714-547-4710 (facsimile)
   jihad@smaililaw.com
6  stephen@smaililaw.com

7
   Attorneys for Plaintiff
8  KEVIN LOPEZ

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **FOR THE COUNTY OF ORANGE**

12  KEVIN LOPEZ, an individual;      )  Case No.: 30-2022-01254142-CU-WT-CJC
13                                   )  Assigned for all purposes to the
              Plaintiff,            )
14                                   )  Judge Linda Marks
       v.                           )
15                                   )  **COMPLAINT:**
16  SONESTA INTERNATIONAL            )     1. Sexual Orientation Discrimination in
    HOTELS CORPORATION a corporate   )        Violation of Gov. Code §12940 *et seq.*
17  entity form unknown; and DOES 1-50, )   2. Race/National Origin Orientation
    inclusive,                      )        Discrimination in Violation of Gov.
18                                   )        Code §12940 *et seq.*
              Defendants.            )     3. Failure to Prevent Discrimination in
19                                   )        Violation of Gov. Code § 12940(k)
                                     )     4. Retaliation in Violation of Gov. Code
20                                   )        §12940(h)
                                     )     5. Wrongful Termination
21                                   )     6. Failure to Pay All Compensation at
                                     )        Termination; Waiting Time Penalties
22                                   )     7. Failure To Pay Overtime & Wages
                                     )     8. Violation of Business & Professions Code
23                                   )        § 17200 *et seq.*
                                     )
24                                   )     **DEMAND FOR JURY TRIAL**
                                     )     **UNLIMITED JURISDICTION**
25                                   )
                                     )
26                                   )
                                     )
27                                   )
                                     )
28                                   )

Plaintiff Kevin Lopez (hereinafter "Plaintiff" and/or "Lopez") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Sonesta International Hotels Corporation (hereinafter "Sonesta"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Orange.  Plaintiff is further informed and believes and thereon alleges that Sonesta was transacting business in the County of Orange, State of California, at the time claims of Plaintiff arose.  At all times relevant, Sonesta was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to Sonesta, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.  Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.    Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

///

Small & Associates, P.C.

## VENUE AND JURISDICTION

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Irvine, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Orange, State of California.

## FACTUAL BACKGROUND

10.     In or around September 2019, Defendant hired Plaintiff as a hotel housekeeper. His job duties included, but were not limited to: cleaning rooms on a daily basis. Plaintiff worked hard and earned an hourly wage of $13.00.

11.     Throughout his employment with Defendant, Plaintiff was harassed and discriminated against because of his sexual orientation, causing Plaintiff extreme stress and anxiety. Plaintiff is homosexual, and he was treated rudely and inappropriately by Defendant's agent, Joel LNU ("Joel"), who would use derogatory slurs in reference to Plaintiff. On one occasion, Joel said that he "does not like gay men." He also regularly called him "faggot." Plaintiff reported this to his supervisor, Sonia, but the abuse, harassment, and discrimination persisted; Joel continued to say the same derogatory slurs and comments.

12.     On or about December 2019, one of Plaintiff's supervisors, Celeste LNU ("Celeste"), yelled at Plaintiff in front of the other employees, leaving Plaintiff feeling humiliated and embarrassed.

13.     On or about February 2020, Celeste harassed Plaintiff, even though he had finished cleaning his 16 rooms on time; she said: "Just because you're gay doesn't mean I will be lenient with you." On or about February 26, 2020, Celeste again harassed Plaintiff after he expressed financial difficulties, saying "If you don't have money to survive, try harder at work."

14.     The next day, on or about February 27, 2020, Celeste told Plaintiff that he needed to cut his hair and nails, asking if he was "a girl or a boy," adding that he needed to present as a man. Despite Plaintiff's reports of this harassment and discrimination,

Defendant did not take action to stop it. Despite knowing of Plaintiff's work-related stress and anxiety, Defendant failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, failed to offer and provide a reasonable accommodation, and failed to take action to stop and prevent the harassment from occurring.

15. Additionally, Plaintiff is Mixtec (an indigenous people in Mexico) and speaks the Mixtec language and dialect. He was routinely discriminated against because of his race and national origin. Other employees working for Defendant would regularly call Plaintiff "Indian" because he was Mixtec and they would hear him speaking the Mixtec language with his family during lunch breaks. Plaintiff reported these incidents of race and national origin discrimination to his supervisor, Sonia. Plaintiff felt psychologically tormented by the abusive and derogatory comments he heard in his workplace. Despite knowing of Plaintiff's work-related stress and anxiety, Defendant failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, failed to offer and provide a reasonable accommodation, and failed to take action to stop and prevent the harassment from occurring.

16. On or about March 23, 2020, Plaintiff was terminated by Defendant. The reason provided was the COVID-19 business slowdown, but this was pretextual at best. Plaintiff was told that he would be able to come back when things picked back up, but Plaintiff kept calling to get back to work but was given the run around. Plaintiff was forced to sell his personal belonging to survive without his income. Defendant's termination of Plaintiff was due to his race, national origin, sexual orientation, and due to his engagement in a protected activity (i.e. reporting discrimination and harassment in the workplace).

17. Furthermore, Plaintiff has significant wage-and-hour claims. Plaintiff never received his last paycheck, despite being told by HR that he would receive it. Additionally, he was never paid for his vacation time. Furthermore, Defendant failed to provide 10-minute rest breaks for every four (4) hours worked. Plaintiff is allowed all

maximum waiting time penalties for his missing wages and missed rest breaks as afforded by California Law.

18.     Plaintiff is informed and believes suffered from harassment, discrimination, retaliation, and ultimately termination on the basis of his sexual orientation, race, national origin, requesting accommodation, and engagement in protected activity. Further, Defendant utterly failed to provide workers' compensation paperwork, failed to engage in a good faith interactive process, and failed to offer any reasonable accommodation.

19.     Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated May 12, 2021.

## FIRST CAUSE OF ACTION
### SEXUAL ORIENTATION DISCRIMINATION
### IN VIOLATION OF GOV. CODE § 12940 *et seq.*
### (Against all Defendants)

20.     Plaintiff refers to all allegations contained in paragraphs 1-19, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

21.     At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee due to sexual ori.

22.     At the time of Plaintiff's termination and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was homosexual.  Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's sexual orientation was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

23.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with a heterosexual employee.

24.     Defendant was aware that Plaintiff identifies as a homosexual because

Plaintiff specifically advised Defendant, and each of them, of the same.

25.   At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

26.   Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's sexual orientation, Defendant decided to discriminate against him, and in fact, discriminated against Plaintiff.

27.   Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's sexual orientation in violation of FEHA, and particularly Gov't Code §12940.

28.   As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

29.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

30.   Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

31.   Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

32.   Plaintiff is informed and believes and thereon alleges that Defendant has a

systemic and wide-spread policy of discriminating against and retaliating against homosexual employees.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

33.    The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

34.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

35.    Plaintiff refers to all allegations contained in paragraphs 1-83, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

36.    California law, and particularly FEHA, codified at *Government Code* §12900 et seq., prohibits discrimination against persons based on sexual orientation.

## SECOND CAUSE OF ACTION
### RACE/NATIONAL ORIGIN DISCRIMINATION IN
### VIOLATION OF GOV. CODE § 12940 *et seq.*
#### (Against all Defendants)

37.    Plaintiff refers to all allegations contained in paragraphs 1-36, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

38.    California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics

39.     FEHA, codified at *Government Code* §12900 et seq., prohibits discrimination against persons based on race and/or national origin.

40.     Plaintiff identifies as Mixtec.

41.     Defendant was aware that Plaintiff identifies as Mixtec because Plaintiff specifically advised Defendant, and each of them, of the same.

42.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

43.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's race/national origin, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

44.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's race/national origin, in violation of FEHA, and particularly *Gov't Code* §12940.

45.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount believed to be three hundred thousand dollars, subject to proof at the time of trial.

46.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

47.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

enabled agents to believe that their conduct was appropriate.

48.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

49.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees based on their race/national origin.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

50.     Plaintiff is informed and believes and thereon alleges that his race/national origin was a motivating factor in the decision of Defendant to discriminate against him and/or terminate him.

51.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

52.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 et seq.

### THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION

### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

### (Against All Defendants)

53.     Plaintiff refers to all allegations contained in paragraphs 1-52, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

54.     During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his sexual orientation, race/national origin, and engagement in protected activity in

Smaili & Associates, P.C.

violation of *Government Code* §12940(k).

55.     As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

56.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

57.     Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

58.     As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

59.     These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.    The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

60.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

///

///

///

///

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE §12940(h)**

**(Against All Defendants)**

61.    Plaintiff refers to all allegations contained in paragraphs 1-60, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

62.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

63.    Plaintiff is informed and believes and thereon alleges that as a consequence of resisting and lodging complaints about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's sexual orientation and race/national origin, Defendant took retaliatory action against Plaintiff by mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

64.    Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity including lodging workplace complaints related to harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

65.    As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

66.    These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

67.     Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

**FIFTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**(Against All Defendants)**

68.     Plaintiff refers to all allegations contained in paragraphs 1-67, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

69.     Defendant was aware of Plaintiff's sexual orientation and race/national origin.   Further, Defendant was aware of Plaintiff's complaints about his workplace environment.

70.     *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

71.     *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

72.     *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

73.     *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

74.     Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to discriminate against him because: (i) he identifies as homosexual, (ii) he is Mixtec, and (iii) he lodged complaints about his working environment.

75.     Plaintiff is informed and believes and thereon alleges that these factors made up Defendant's decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

76.   As a proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

77.   In light of Defendants' willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

<u>SIXTH CAUSE OF ACTION</u>

**FAILURE TO PAY ALL COMPENSATION AT TERMINATION;**

**WAITING TIME PENALTIES**

**(Against all Defendants)**

78.   Plaintiff refers to all allegations contained in paragraphs 1-77, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

79.   Defendants failed to pay Plaintiff all wages for all hours worked at the time of Plaintiff's termination.

80.   Defendant's failure to pay wages in a timely fashion at the time of termination constitutes a violation of California *Labor Code* §202 and §204, which require that all wages be paid in timely fashion.  Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California *Labor Code* §204.

81.   Plaintiff has been damaged by these violations of California *Labor Code* §§ 202 and 204 (and the relevant orders of the Industrial Welfare Commission).

82.   Consequently, pursuant to California Labor Code §§202, 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all unpaid wages, sick pay and vacation pay, with interest, plus reasonable attorneys' fees and costs.

83.   Further, Defendants failed to pay Plaintiff sums certain at the time of

Plaintiff termination or within seventy-two (72) hours of resignation.

84.     Defendants' failure to pay all compensation at the time of termination, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles Plaintiff to penalties under *Labor Code* §203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.  Plaintiff may also recover reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND WAGES

### (Against All Defendants)

85.     Plaintiff refers to all allegations contained in paragraphs 1-84, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

86.     Defendants failed to pay Plaintiff wages for all hours worked, including, without limitation, overtime wages and vacation time.

87.     From at least four (4) years prior to the filing of this action and continuing to the present, Defendants failed to pay Plaintiff wages for all hours worked, at least in part because Defendants misclassified Plaintiff and required Plaintiff to work overtime but did not compensate his for this time.

88.     Defendants' failure to pay wages and overtime in a timely fashion also constituted a violation of California Labor Code §204, which requires that all wages be paid in semimonthly payments. Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California Labor Code §204.

89.     Plaintiff has been damaged by these violations of California Labor Code §§ 204 and 510 and 1194 (and the relevant orders of the Industrial Welfare Commission).

90.     Consequently, pursuant to California Labor Code §§204, 510, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all his unpaid wages and overtime compensation, with interest, plus his reasonable attorneys' fees and costs.

///

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

91.　Plaintiff refers to all allegations contained in paragraphs 1-90 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

92.　Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

93.　Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

94.　By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

95.　Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

96.　As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

97.　Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000);

2.  For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3.  For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4.  For pre-judgment and post-judgment interest, according to proof;

5.  For punitive and exemplary damages, according to proof;

6.  For attorneys' fees, according to proof and statute;

7.  For costs of suit incurred herein;

8.  For such other relief that the Court may deem just and proper.


Dated: April 11, 2022                    **SMAILI & ASSOCIATES, P.C.**


By: *  /s/ Jihad M. Smaili*
       Jihad M. Smaili, Esq.
       Stephen D. Counts, Esq.
       Attorneys for Plaintiff

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2      Plaintiff hereby requests a trial by jury.

3

4  Dated: April 11, 2022           **SMAILI & ASSOCIATES, P.C.**

5

6                 By:  */s/ Jihad M. Smaili*

7                        Jihad M. Smaili, Esq.

8                        Stephen D. Counts, Esq.
Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Smaili & Associates, P.C.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | *FOR COURT USE ONLY*<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE* |
|---|---|
| PLANTIFF: Kevin Lopez | **Apr 11, 2022** |
| DEFENDANT: Sonesta International Hotels Corporation | Clerk of the Court<br>By: Katie Trent, Deputy |
| Short Title: LOPEZ VS. SONESTA INTERNATIONAL HOTELS CORPORATION | |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01254142-CU-WT-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 11/21/2022 at 01:30:00 PM in Department C25 of this court, located at Central Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**


**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html


**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html


**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html


Clerk of the Court, By: _Katie Trent_ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** LOPEZ VS. SONESTA INTERNATIONAL HOTELS CORPORATION

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2022-01254142-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 04/11/2022. Following standard court practice the mailing will occur at Sacramento, California on 04/12/2022.

Clerk of the Court, by: _Katie Trent_ , Deputy

SMAILI & ASSOCIATES, PC
600 W SANTA ANA BOULEVARD # SUITE 202
SANTA ANA, CA 92701

**V3 1013a (June 2004)**

Code of Civil Procedure , § CCP1013(a)

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| KEVIN LOPEZ, an individual; | Case No.: **30-2022-01254142-CU-WT-CJC** |
| Plaintiff, | |
| v. | **PLAINTIFF'S STATEMENT OF PUNITIVE DAMAGES** |
| SONESTA INTERNATIONAL HOTELS CORPORATION a corporate entity form unknown; and DOES 1-50, inclusive, | **[CCP §425.115]** |
| Defendants. | |

**NOTICE TO: SONESTA INTERNATIONAL HOTELS CORPORATION a corporate entity form unknown; and DOES 1—50,**

Plaintiff Kevin Lopez reserves the right to seek $100,000.00 in punitive damages against each of you when she seeks a judgment in the above captioned lawsuit filed against you.

Dated: May 25, 2022          **SMAILI & ASSOCIATES, P.C.**

By: _Jihad M. Smaili_
    Jihad M. Smaili, Esq.
    Attorneys for Plaintiff

# EXHIBIT B

Electronically Received by Superior Court of California, County of Orange, 04/11/2022 11:07:49 AM.
30-2022-01254142-CU-WT-CJC - ROA # 6 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**FW-003** **Order on Court Fee Waiver (Superior Court)**

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**APR 18 2022**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

**(1) Person who asked the court to waive court fees:**

Name: Kevin Lopez

Street or mailing address: 1237 Saint Amme Place

City: Santa Ana    State:   CA    Zip: 92707

**(2) Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

Jihad M. Smaili, Esq.; SMAILI & ASSOCIATES, PC; 600 W. Santa
Ana Blvd Ste 202, Santa Ana, CA 92701;
(714)547-4700; SBN: 262219

Fill in court name and street address:

**Superior Court of California, County of**
**ORANGE**
Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

**(3)** A request to waive court fees was filed on *(date):*    04/11/2022

☐ The court made a previous fee waiver order in this case  on *(date):*

Fill in case number and name:

**Case Number:**
30-2022-01254142-CU-WT-CJC

**Case Name:**
KEVIN LOPEZ v SONESTA INTERNATIONAL HOTELS CORPORATION

*Read this form carefully. All checked boxes ☑ are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:    ☑ *Request to Waive Court Fees*    ☐ *Request to Waive Additional Court Fees*
the court makes the following orders:

a.  ☑ The court **grants** your request, as follows:

(1)  ☑   **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2)  ☐   **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):*
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003, Page 1 of 3**

Your name:  Kevin Lopez

| Case Number: |
|---|
| 30-2022-01254142-CU-WT-CJC |

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below    ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐  The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below    ☐ On Attachment 4b(2)

_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006). You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐  The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  ☐ Below    ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐  Bring the items of proof to support your request, if reasonably available, that are listed:
  ☐ Below    ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

Your name: Kevin Lopez

**Case Number:**
30-2022-01254142-CU-WT-CJC

Name and address of court if different from above:

| Hearing Date | → Date: _____ | Time: _____ |
| | Dept.: _____ | Room: _____ |

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 4-18-22

Signature of (check one):   ☒ Judicial Officer   ☐ Clerk, Deputy

JAMES L. CRANDALL

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California, on the date below.

☒ A certificate of mailing is attached.

Date: _____

Clerk, by _____, Deputy
Name: _____

**This is a Court Order.**

# EXHIBIT C

**POS-015**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 262219 | FOR COURT USE ONLY |

NAME: **Jihad M. Smaili, Esq.**
FIRM NAME: **Smaili & Associates**
STREET ADDRESS: **600 West Santa Ana Blvd., Suite 202**
CITY: **Santa Ana**    STATE: **CA**    ZIP CODE: **92701**
TELEPHONE NO.: **714-547-4700**    FAX NO.: **714-547-4710**
E-MAIL ADDRESS: **jihad@smaililaw.com**
ATTORNEY FOR (Name): **Plaintiff KEVIN LOPEZ**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

Plaintiff/Petitioner: KEVIN LOPEZ

Defendant/Respondent: SONESTA INTERNATIONAL HOTELS CORPORATION

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2022-01254142-CU-WT-CJC |
|---|---|

TO (insert name of party being served): ___SONESTA INTERNATIONAL HOTELS CORPORATION a corporate entity form unknown___

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: __May 25, 2022__

Jihad M. Smaili, Esq.
(TYPE OR PRINT NAME)

▶    /s/ Jihad M. Smaili
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify): Civil Case Cover Sheet, Notice of Hearing , Statement of Punitive Damages

**(To be completed by recipient):**

Date this form is signed: __June 14, 2022__

Ashley E. Kang for Sonesta International Hotels Corporation
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶    _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT D

Michael D. Thomas (SBN 226129)
JACKSON LEWIS PC
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel: (213) 689-0404
Fax: (213) 689-0430
Michael.Thomas@jacksonlewis.com

Ashley E. Kang (SBN 340113)
JACKSON LEWIS PC
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
Ashley.Kang@jacksonlewis.com

Attorneys for Defendant
SONESTA INTERNATIONAL HOTELS CORPORATION

## SUPERIOR COURT OF THE SATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| KEVIN LOPEZ, and individual<br><br>Plaintiff,<br><br>vs.<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION a corporate, entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 30-2022-01254142-CU-WT-CJC<br><br>[Assigned for all purposes to the Honorable Linda Marks, Dept. C25]<br><br>**DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF KEVIN LOPEZ'S COMPLAINT**<br><br>Complaint Filed April 11, 2022 |

**TO THE HONORABLE COURT, PLAINTIFF KEVIN LOPEZ, AND HIS ATTORNEYS OF RECORD:**

Defendant SONESTA INTERNATIONAL HOTELS CORPORATION ("Defendant") hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff KEVIN LOPEZ ("Plaintiff") as follows:

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO
PLAINTIFF KEVIN LOPEZ'S COMPLAINT

### GENERAL DENIAL

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

### AFFIRMATIVE DEFENSES

Defendant also alleges the following affirmative defenses to the purported causes of action in the Complaint, without conceding that it bears the burden of proof or persuasion as to any one of them:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 335.1, 337, 338 and 343; California Government Code section 12960; Labor Code section 203 and California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

### (Arbitration)

3.      This Court lacks jurisdiction over this Action and the Complaint, as well as each purported cause of action alleged therein, to the extent there is a valid, enforceable and mandatory arbitration agreement that governs the adjudication of Plaintiff's claims against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

4.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and/or unclean hands.

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF
KEVIN LOPEZ'S COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff was guilty of laches and unreasonable delay in bringing this action asserting any claim for relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6.      Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of avoidable consequences as Plaintiff could have timely reported any issues of alleged wrongdoing so that Defendant could correct them promptly.  Plaintiff's Complaint, and each cause of action contained therein, is also barred because Defendant took reasonable steps to prevent and correct alleged workplace discrimination, harassment, and retaliation.  Plaintiff also unreasonably failed to use the preventive and corrective measures provided by Defendant, which would have prevented some or all of Plaintiff's harm.  *State Dept. of Health Servs. v. Super. Ct. of Sacramento Cnty.* (McGinnis) (2000) 31 Cal.4th 1026.

## SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

7.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence to the extent that discovery may reveal information that would support this defense.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

8.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or part by Plaintiff's own contributory and/or comparative fault, and/or if any of Plaintiff's alleged damages were caused by the negligence and/or acts or omissions of parties other than Defendant, Plaintiff's damages as against Defendant must be reduced by the proportion of fault attributable to such other parties.

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF
KEVIN LOPEZ'S COMPLAINT

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Failure to Exhaust Administrative Remedies)

3      9.      The Complaint as a whole, and each purported cause of action alleged therein, is barred,

4  in whole or in part, to the extent that Plaintiff failed to timely and properly exhaust his administrative

5  remedies prior to commencing this lawsuit.

6

## TENTH AFFIRMATIVE DEFENSE

7

### (Offset)

8      10.      Defendant is entitled to offset for any monies received by Plaintiff from any source in

9  compensation for his alleged economic damages and non-economic damages under the common law

10  doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson*

11  (1961) 57 Cal. 2d 57 and its progeny.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13

### (Failure to Mitigate)

14      11.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

15  is barred in whole or in part, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise

16  reasonable diligence to mitigate her alleged damages.

17

## TWELFTH AFFIRMATIVE DEFENSE

18

### (Claim Preclusion/Res Judicata)

19      12.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

20  is barred by the doctrine of claim preclusion/res judicata.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22

### (No Entitlement to Punitive Damages)

23      13.      Plaintiff is precluded from recovering exemplary or punitive damages from Defendant

24  under the applicable provisions of law.  Specifically, California Civil Code section 3294 precludes

25  Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot

26  establish facts sufficient to support allegations of malice, oppression, and/or fraud.

27  ///

28  ///

4

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF
KEVIN LOPEZ'S COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Same Decision/Mixed Motive)

14.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, even assuming that discriminatory and/or retaliatory reasons were a factor in any employment decision involving Plaintiff, which Defendant denies, Defendant would have made the same employment decisions with regard to Plaintiff in any case for legitimate, non-discriminatory, and/or non-retaliatory reasons, and the alleged illegal reasons were not a substantial factor in motivating Defendant's actions.  *See Harris v. City of Santa Monica* (2012) 56 Cal.4th 203.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

15.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming arguendo that retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-retaliatory business reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith, and Justified Conduct)

16.     Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

17.     Any recovery on Plaintiff's Complaint, recovery for any injuries Plaintiff allegedly sustained as a result of any action by Defendant or any other management employee of Defendant is barred by the doctrine of managerial immunity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

18.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory, or retaliatory behavior.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

19.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff's employment would have ended for legitimate, nondiscriminatory, non-retaliatory, business reasons.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

20.     Plaintiff is barred from seeking recovery against Defendant for any emotional or physical injury because such recovery is barred by the exclusivity remedy provisions under the California Workers' Compensation Act, Labor Code section 3600, et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Vicarious Liability)

21.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendant made good-faith efforts to comply with the law and should not be liable for any discriminatory acts by employees, agents, or contractors of Defendant, whether managerial or not.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Business Necessity/Job Related)

22.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein is barred because Defendant's conduct was justified by business necessity in that the purpose of the employment action at issue is reasonably necessary to the operation of Defendant's business.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

23.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

///

///

///

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF
KEVIN LOPEZ'S COMPLAINT

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (All Compensation Properly Paid)

24.     Plaintiff's Complaint, and each purported cause of action therein, are barred because Plaintiff has received all compensation and pay to which he has ever been entitled and is therefore not entitled to any other compensation or penalties under the California Labor Code, the applicable Wage Orders of the Industrial Welfare Commission, and/or any other law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Belief That No Compensation Due)

25.     Plaintiff's claim for waiting time penalties is barred in whole or in part because Defendant maintained a good faith belief at all times that no such compensation was ever due and owing to Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

26.     Plaintiff is not entitled to any equitable or injunctive relief as claimed or prayed for in the Complaint because Plaintiff has not suffered any irreparable injury based on any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such conduct.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Failure to Prevent Where No Discrimination Occurred)

27.     Plaintiff's claim for failure to prevent discrimination and/or harassment is barred and/or any recovery of damages is precluded to the extent Plaintiff cannot establish underlying discrimination and/or harassment. *Trujillo v. N. County Transit Dist.* (1998) 63 Cal. App. 4th 280.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

28.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff was employed at will pursuant to California Labor Code section 2922.

///

///

///

7

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF KEVIN LOPEZ'S COMPLAINT

1

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

2

**(No Liability for Plaintiff's Failure to Work or Record All Time Worked)**

3      29.     Any recovery on Plaintiff's Complaint with respect to the allegations for failure to pay

4 wages and/or failure to pay overtime wages or premium pay is barred to the extent Plaintiff failed to

5 work and/or to record all time worked as reasonably expected and required by Defendant.

6

**THIRTIETH AFFIRMATIVE DEFENSE**

7

**(No Willful Conduct)**

8      30.     Without admitting the allegations of the Complaint, but rather expressly denying them,

9 the Complaint is barred, in whole or in part, because any violation of the California Labor Code was an

10 act or omission made in good faith, was not willful, and Defendant had reasonable grounds for believing

11 that the act or omission was not a violation of the Labor Code.

12

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

13

**(Lack of Knowledge)**

14      31.     The Complaint is barred, in whole or in part, because Defendant did not have knowledge

15 of any alleged violations of the Labor Code.

16

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

17

**(Preservation of Rights)**

18      32.     Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate

19 all defenses that may be applicable to this action.  Accordingly, the right to assert additional defenses, if

20 and to the extent that such defenses are applicable, is hereby reserved.

21

**PRAYER**

22      WHEREFORE, Defendant prays for judgment as follows:

23      1.     That Plaintiff take nothing by his Complaint;

24      2.     That the Complaint and each cause of action be dismissed in its entirety with prejudice;

25      3.     That Plaintiff be denied each and every demand and prayer for relief contained in the

26          Complaint;

27 ///

28 ///

8

4.      For reasonable attorneys' fees;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court deems just and equitable.

DATED:  June 21, 2022                      JACKSON LEWIS PC

By:     _____
Michael D. Thomas
Ashley E. Kang

Attorneys for Defendant
SONESTA INTERNATIONAL HOTELS
CORPORATION_

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF
KEVIN LOPEZ'S COMPLAINT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

**CASE NAME:**   **KEVIN LOPEZ v. SONESTA INTERNATIONTIONAL HOTELS CORPORATION**

**CASE NUMBER:**   **37-2018-00014364-CU-OE-CTL**

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5408.

   On **June 22, 2022**, I served the foregoing document(s) described as:

**DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF KEVIN LOPEZ'S COMPLAINT**

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Jihad M. Smaili, Esq.<br>Stephen D. Counts, Esq.<br>SMAILI & ASSOCIATES, PC<br>Civic Center Plaza Towers<br>600 W. Santa Ana Blvd., Suite 202<br>Santa Ana, California 92701<br>Tel : (714) 547-4700<br>Fax : (714) 547-4710 | Emails :<br>*jihad@smaililaw.com*<br>*stephen@smaililaw.com* |

*Attorneys for Plaintiff, Kevin Lopez*

**[X]**   **BY E-MAIL OR ELECTRONIC TRANSMISSION**

   Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Irene.Miranda@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**   **STATE**   I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

   Executed **June 22, 2022**, at Los Angeles, California.

           /s/ Irene Miranda
           IRENE MIRANDA

4883-6517-6101, v. 2

DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S ANSWER TO PLAINTIFF KEVIN LOPEZ'S COMPLAINT